1808

Mudd
vs .
Reeves

(*H. Ridgely;* Ch. J.) overruled the objection, and permitted the evidence to be given to the jury. The defendants excepted; and the verdict and judgment being for the plaintiff, they appealed to this court.

The cause was argued before CHASE, Ch. J. BUCHANAN, NICHOLSON: and GANTT, J. by

*Harper* and *Purviance*, for the Appellants; and by *Winder* and *Rogers*, for the Appellee.

THE COURT were of opinion that there was error in the form of proceedings, the second count in the declaration being defective; but they concurred in the opinion expressed by the court below in the bill of exceptions.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.

———————————

DECEMBER.

MUDD VS. REEVES

The amount expressed in a note, purporting to be a genuine *bank note*, but which was proved to be forged, may be recovered in an action of *assumpsit* by the holder of the note from the person of whom he received it, although at the time of its receipt, neither party knew it not to be genuine, and the defendant did not warrant it to be genuine, or endorse it.

APPEAL from *Charles* County Court. An action of *assumpsit* was brought by the appellant against the appellee, and the declaration contained counts, for *money had and received*, for the *price of a gelding sold*, a *quantum meruit* for a gelding sold, for *money paid, laid out and expended*, and for *money lent and advanced*. The general issue was pleaded. At the trial the plaintiff gave in evidence, that sometime before the bringing the action, he agreed with the defendant to sell him a horse for the sum of $60, and that the defendant agreed to pay that sum for the horse; that the horse was to be delivered on the payment of the price agreed upon. That on the day after the agreement, the defendant sent to the plaintiff the paper produced, purporting to be a bank note of the Bank of *Baltimore* for $100. That the person by whom the note was sent delivered it to the plaintiff, who, before receiving it, asked the opinion of one *M'Pherson* whether the note was genuine or not, who was of opinion that the note was genuine. That the plaintiff delivered the horse, according to the defendant's request, to the person by whom the defendant had sent the note, and the plaintiff also, at the same time, according to the defendant's request, paid to the same person, for the defendant, $40, being the difference between the sum specified in the note, and the price of the horse. That the defendant received the $40.

The plaintiff then gave in evidence, that the note was forged. There was no evidence that the defendant or plaintiff knew or suspected that the note was forged, nor was there any evidence that the defendant had endorsed the note, or had expressly warranted it to be genuine; but both plaintiff and defendant considered it genuine at the time. The defendant then prayed the court for their instruction to the jury, and the court, *(Key* and *Clarke,* A. J.) according to the defendant's prayer, were of opinion, and did instruct the jury, that if they should be of opinion, from the evidence, that the defendant, at the time he sent the note to the plaintiff, did not know that it was a forged note, or had not endorsed it to the plaintiff, or expressly warranted it to be a good note, that the plaintiff was not entitled to recover; and that the law, from the evidence offered, did not imply a warranty or contract on the part of the defendant to pay the sum specified in the note, to the plaintiff, although the note was forged, unless he knew that the note was forged when he delivered it to the plaintiff, or had endorsed the note, or expressly warranted it to be a genuine one. The plaintiff excepted; and the verdict and judgment being for the defendant, the plaintiff brought this appeal.

The cause was argued before CHASE, Ch. J. BUCHANAN, and NICHOLSON, J. by

*T. Buchanan,* and *Chapman,* for the Appellant; and by *C. Dorsey,* and *Baker,* for the Appellee.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.

1809.

Keys & Heron
vs
Goldsborough

---

## KEYS & HERON vs. GOLDSBOROUGH's Lessee.

JUNE (E. S.)

A P, by his will, devised to C C & A M, all his real estate, to be sold by them for the payment of his debts. Evidence of a sale made at auction by them

APPEAL from *Dorchester* County Court. This was an action of *ejectment* brought by the present appellee, (the plaintiff in the court below,) to recover possession of a tract of land called *Ennalls's Inheritance.* The defen-

to W G, of a part of the real estate, together with a memorandum of the sale, subscribed by the auctioneer, and a receipt given by them for the purchase money—*Held* to be admissible evidence to show a title at law in W G without a deed of bargain and sale, or other conveyance, to him from the trustees, and to be sufficient to enable his lessee to recover such real estate in an action of ejectment.

R H, by his will, devised as follows: "I give and bequeath unto my dearly beloved son, C H, the free use of my land call'd." &c "with all the houses," &c. *during his natural life, to occupy and enjoy the same; and after the decease of my said son C H,* I give and bequeath the said land called," &c. "with all the houses," &c. "*unto the heirs of my son C H, lawfully begotten of his body, for ever;* and for want of such heirs, I give, &c.—*Held* by the county court that under this devise, C H took an estate intail general.